UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA SCHWARZ,

    Plaintiff,

v.

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES, *et al.*,

    Defendants.

Civil Action 00-1610 (HHK)

FILED

SEP 3 0 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

In this 189 page complaint brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), Plaintiff has named 465 different entities of the United States Government.[1] Defendants have filed a motion to dismiss the complaint for failure to state a claim on which relief can be granted. On review of the complaint, the motion, plaintiff's opposition, and the applicable law, including decisions in previous cases filed by plaintiff in this Court, the motion will be granted.

I. The Complaint

In this case, as in all of plaintiff's prior cases, she seeks to obtain information about herself and Mark C. Rathbun, whom she claims has been illegally convicted of having raped and murdered her. Plaintiff believes that she is Rathbun's "relief witness," and that his location in a

---

[1] The defendants include subdivisions of all 14 Cabinet Departments, the Executive Office of the President, and several independent agencies, including the Environmental Protection Agency, and the United States Postal Service. Most of these are not proper defendants; plaintiff has been informed repeatedly that only the agency and not its individual units is subject to suit under the FOIA. 5 U.S.C. § 552(f)(1).

federal prison is being concealed as part of a German Nazi conspiracy, which has invaded many levels of the federal government. *See, e.g.,* Compl. at 123; *see generally*, *Schwarz v. United States Department of Treasury*, 131 F. Supp. 2d 142, 145 n.4 (D.D.C. 2000), *aff'd*, 2001 WL 674636 (D.C. Cir,. May 10, 2001), *rehearing denied* (D.C. Cir., July 13, 2001).[2]

Plaintiff submitted FOIA requests to some of the defendants in this case seeking records relating to herself (either as Schwarz or Schwartz), Mark C. Rathbun (de Rothschild), and Mark's parents Claude and Elizabeth Rathbun (de Rothschild). She asked whether Rathbun, his attorneys or his family's attorneys, or an independent or special counsel had contacted the defendant for records regarding plaintiff or her FOIA litigation. *E.g.,* Defendant 1 (National Center for Infectious Diseases), Defendant 29 (FOIA coordinator of Department of Health and Human Services), Defendant 86 (National Archives, Pacific Southwest Region). From some defendants plaintiff sought information about Church of Scientology founder, L. Ron Hubbard, of the, and/or a submarine village. *E.g.,* Defendant 13 (Department of Commerce, Economic Development Administration), Defendants 98-100 (offices of the Environmental Protection Agency), Defendants 165-68 (Department of the Air Force). From many defendants, plaintiff sought records relating to her previous FOIA litigation. *E.g.,* Defendants 32 (the Peace Corps), 50 (the International Trade Commission), 149 (Defense Finance and Accounting Service). Plaintiff admits that she has filed claims earlier against some of the defendants in this case but alleges that her claims in this case are different from claims made earlier.

Plaintiff received differing responses to her requests. Some offices asked her to provide

---

[2] When the Department of the Navy refused her request for a fee waiver, plaintiff responded that she needs the documents "to inform the public on a German Nazi conspiracy that infiltrated the U.S. government." Compl. at 108.

privacy waivers from individuals other than herself, and informed her that the office had no responsive records regarding her and that no inquiries or subpoenas had been received from any independent or special counsel. Other offices responded that they had no records and no litigation records. Plaintiff alleges, without foundation, that these responses are simply wrong. *E.g.*, Compl. at 153 (response of FOIA Director Department of Housing and Urban Development); Compl. at 183 (response of Office of Security, Department of Treasury). Some offices did send her copies of records from her prior litigation, but she objects that the records sent were copies of her own complaint which she already had, or were incomplete, or contained deletions of names of government employees pursuant to FOIA Exemption 552(b)(6). *E.g.*, Defendants 155, 156 (Department of the Navy, Office of the Chief of Naval Operations), Defendants 220-46 (Department of Justice Criminal Division), Defendants 366-86 (Department of Interior, Office of Aircraft Service and FOIA officer in Idaho). Plaintiff's administrative appeals from the various responses have been denied.

In her request for relief, plaintiff asks that each defendant provide a detailed description of the search performed in response to her request, that each defendant be ordered to search in every records system and office, and, further, that the Court

> investigate a conspiracy between the federal defendants of this case to deny records to me, which I need to get hold of wrongfully incarcerated Mark. C. Rathbun (de Rothschild).
>
> [and] investigate if the federal defendants inform Mark C. Rathbun, members of his family, their attorneys, an Independent or Special Counsel wrongfully not knowing of my FOIA/PA requests and other records, so that they don't get hold of me, so that I can't testify for innocent Mark Rathbun and can't testify as to a German originated, German oriented, German controlled Nazi-conspiracy that has infiltrated the U.S. government secretly to deny good American citizens their rights.

Compl. at 189.

3

II. The Motion to Dismiss

Defendants contend that plaintiff has failed to state a claim on which relief can be granted because her numerous FOIA requests are based on the fanciful premise that Mark Rathbun is illegally held as part of a Nazi conspiracy. They argue that the allegations that agencies deliberately failed to search for records or purposely concealed records are conclusory and without any "rational facts" to support them. *Memorandum in Support of Motion to Dismiss ("Memorandum")*, at 12. They point out that the agencies conducted legally adequate searches despite plaintiff's objection to many searches because the entity did not search every office and every system of records. *Memorandum* at 13 - 16, citing *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). Defendants note that plaintiff is not entitled at the administrative level to a "search declaration" or "search certificate." *Memorandum* at 16. *See Schwarz v. United States Dep't of Treasury*, 131 F. Supp. 2d at 147, citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Moreover, defendants contend that this civil action constitutes abuse of process.

In opposition to the motion, plaintiff argues that the refusals of the agencies to provide records and "search declarations" shows that they have concealed records. She asserts that the agencies that denied possession of records of her prior cases were not truthful. Because agencies have not demonstrated the adequacy of their searches, they "are agencies of bad faith, . . . they conspire against Mark C. Rathbun (de Rothschild), members of his family, their attorneys, L. Ron Hubbard, President Eisenhower and the Independent or Special Counsel and even Congress and myself." *Response Motion* at 23. *See also Response Motion* at 27, 30, Moreover, plaintiff states, the defense attorneys:

> wrongfully claim that I would be the unacknowledged grand-
> doughter (sic) of former President Dwight David Eisenhower. I am

4

> his *acknowledged* granddoughter (sic) and the CIA and numerous
> agencies and Departments if not all defendants know about this.
> The secret service removed information about me from the official
> files of President Eisenhower 'as security reasons' for me. It is
> also a fact that I was kidnapped by German Nazis to Germany. . . .
> [D]efendants and their counsels should feel shame to secretly work
> for the Germans to cover up German gruelties (sic) and infiltration
> of the U.S. government. They cover up for the German secret
> service for personal gain.

*Response Motion* at 24 (emphasis added).[3] Plaintiff also contends that "[i]t is also a fact that L. Ron Hubbard is the son of President Eisenhower, but also his existence was taken out of the official records by the Secret Service for alleged 'security reasons'". *Response Motion* at 25.

Plaintiff rejects the defendants' argument that she has abused the system by filing frivolous FOIA requests.

III. Legal Analysis

The court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Fed. R. Civ. P Rule 12(b)(6); *Conley v. Gibson*, 355 U.S. 41 (1957); *see Kowal v. MCI Communs. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Thomas v. District of Columbia*, 887 F. Supp. 1, 5 n.2 (D.D.C. 1995). Complaints filed by a non-lawyer, such as the complaint in this case, are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the court is not required to "accept unsupported assertions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations." *Himmelman v. MCI Communs. Corp.*, 104

---

[3] Plaintiff asks the Court to order the FBI, the CIA, and the Department of State "to provide this court with records to my kidnapping from the United States as a child." *Response Motion* at 25.

F. Supp. 2d 1, 3 (D.D.C. 2000).

It appears that plaintiff's request for documents relating to her prior cases is an effort to obtain evidence that the agencies have concealed from her the fact that they do have documents about Mark Rathbun, his false conviction, the German Nazi conspiracy, subpoenas from an independent or special counsel, etc. *See Response Motion of Plaintiff to Defendants' Motion and Memo to Dismiss*, at 3. Plaintiff states: "My complaint proves also that the defendants of my other cases, e.g. 98-2406-HHK, 99-3234-HHK or 00-369-HHK conducted no adequate or complete or honest searches. . . . By ordering the defendants of [those cases] to file their search records and declarations the court can easily see that . . . the defendants of my cases withhold records and unlawfully conducted no adequate searches." *Response Motion* at 3.

The merits of six FOIA complaints filed by plaintiff during the last four years have been considered by different judges of this Court. Each complaint relates to Plaintiff's search for records that would show where Mark Rathbun is being held *incommunicado* on a false charge of having raped and murdered her. From most agencies, plaintiff has sought also documents about Rathbun's family, President Eisenhower, L. Ron Hubbard, Rosemarie Bretschneider, a school in a submarine village, the Church of Scientology, and the alleged German Nazi conspiracy infiltrating the United States government. In *Schwarz v. United States Department of Treasury*, Civil Action 98-2406, plaintiff named 79 defendants. This Court's opinion granting defendants' motion for summary judgment, 131 F. Supp. 2d 142 (D.D.C. 2000), was affirmed by the Court of Appeals, 2001 WL 674636 (D.C. Cir,. May 10, 2001), *rehearing denied* (D.C. Cir., July 13, 2001). The next case, *Schwarz v. United States Department of Energy*, Civil Action 99-3234, named an additional 72 federal entities, various subdivisions, and many individuals, a total of

807 separate defendants.[4] Plaintiff's FOIA requests in that case related to the Rathbuns, their attorneys, L. Ron Hubbard, subpoenas from an independent or special counsel, Germans, schools in a submarine village in Great Salt Lake, and Rosemarie Bretschneider. This Court dismissed that case on the ground that it failed to state a claim on which relief could be granted and was frivolous or malicious. The Court concluded that the complaint was "not based on legally arguable challenges to actions on Plaintiff's FOIA requests. Rather, it [was] based on Plaintiff's misunderstanding of reality and therefore must be dismissed because it both fail[ed] to state a claim on which relief can be granted and [was] frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)." *Schwarz v. United States Department of Energy*, Civil Action 99-3234 (D.D.C. November 5, 2001), *aff'd*, 2002 WL 1050431 (D.C. Cir., March 25, 2002). In affirming the dismissal, the Court of Appeals agreed that "to the extent many aspects of [plaintiff's] complaint 'lack[] an arguable basis either in law or in fact,' Neitzke v. Williams, 409 U.S. 319, 325 (1989), they were properly dismissed as frivolous." Plaintiff's fourth case, *Schwarz v. Federal Bureau of Investigation, et al.*, Civil Action No. 00-2758, was dismissed as frivolous on September 24, 2002.[5]

In *Schwarz v. United States Dep't of Agriculture, et al.*, Civil Action No. 01-1464, Plaintiff named 3,087 defendants in a complaint of 2,370 pages. The complaint was dismissed with prejudice as frivolous and malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Schwarz v.*

---

[4] Plaintiff's original complaint in that case, which named 2183 defendants, was dismissed because it violated Rule 8(a) of the Federal Rules of Civil Procedure. *See* Docket # 3, Order of December 7, 1999.

[5] A third case, *Schwarz v. United States General Accounting Office*, Civil Action No.00-369, was dismissed on November 13, 2001. The dismissal was affirmed by the Court of Appeals, 2002 WL 1050444 (D.C. Cir., March 29, 2002).

*United States Dep't of Agriculture, et al.*, Order filed June 29, 2001. Plaintiff thereafter was enjoined from further filings except under limited circumstances. Both the dismissal and the injunction order were affirmed. *Schwarz v. Department of Agriculture, Secretary, et al.*, 2001 WL 1610051 (D.C. Cir., November 23, 2001).

The Court has reviewed the complaint in this case, the motion to dismiss, and plaintiff's response. Plaintiff's FOIA requests are made in furtherance of her attempt to locate Mark Rathbun, who she believes is being held secretly after a false conviction pursuant to a German Nazi conspiracy, that one purpose of the conspiracy is to prevent plaintiff from locating Rathbun or his parents or attorneys so that she can testify on his behalf, and that an independent or special counsel may be trying unsuccessfully to reach plaintiff to obtain her testimony. The Court concludes that this premise is fanciful and has no basis in fact. This case, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate order, signed this day, accompanies this Memorandum Opinion.

HENRY H. KENNEDY, JR.
United States District Judge

DATE: 9/27/02